IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA D. MALDONADO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MGM RESORTS INTERNATIONAL, and MARINA DISTRICT DEVELOPMENT COMPANY, LLC d/b/a BORGATA HOTEL CASINO & SPA,<br><br>Defendants. | CIVIL ACTION<br><br>NO. _____<br><br>**(Document Filed Electronically on May 6, 2020)** |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Maria D. Maldonado ("Plaintiff"), on behalf of herself and all others similarly situated, alleges as follows:

## INTRODUCTION

1. Plaintiff brings this wage and hour collective action against her joint employers MGM Resorts International and Marina District Development Company, LLC d/b/a Borgata Hotel Casino & Spa (collectively, "Defendants"). Defendants paid Plaintiff and other similarly situated employees a sub-minimum direct cash wage and purported to claim a tip credit in the amount necessary to meet the federal minimum hourly wage required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Defendants, however, failed to adequately inform Plaintiff and other similarly situated employees about Section 203(m)'s tip credit provisions as required by the FLSA and its implementing regulations, 29 C.F.R. § 531.59(b). As a result, Defendants are ineligible to claim a tip credit and are liable to Plaintiff and other similarly situated employees for the full minimum wage, plus liquated damages, attorney's fees and costs of this action.

## JURISDICTION AND VENUE

2. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. This Court possesses subject matter jurisdiction over Plaintiff's FLSA claims based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this judicial district and Defendants are each subject to personal jurisdiction in this district. Plaintiff worked for Defendants at the Borgata Hotel Casino & Spa, which Defendants operate in Atlantic City, New Jersey.

## PARTIES

4. Plaintiff is an individual residing in Massachusetts. From approximately January, 2015 through April, 2019, Plaintiff worked for Defendants as an employee at the Borgata Hotel Casino & Spa located in Atlantic City, New Jersey. Plaintiff's executed Consent to Join is attached and incorporated herein as **Exhibit A** pursuant to 29 U.S.C. § 216(b).

5. Defendant MGM Resorts International ("MGM Resorts") is a publicly held Delaware corporation with its principal executive office in Las Vegas, Nevada.

6. Defendant Marina District Development Company, LLC owns, operates and does business as the Borgata Hotel Casino & Spa ("Borgata"), located in Atlantic City, New Jersey. As of August, 2016, MGM Resorts held a 100% ownership interest in Borgata. Borgata is a wholly-owned consolidated subsidiary of MGM Resorts.

## COMMON FACTUAL ALLEGATIONS

**Defendants Jointly Employed Plaintiff and All Others Similarly Situated**

7. MGM Resorts operates a hub and spoke employment structure whereby, MGM Resorts, at the operational center of the wheel, has spokes leading out to each of its individual casino subsidiaries, including Borgata and its many other casino resorts throughout the United

2

States (collectively, the subsidiary casino entities).  By design, each individual subsidiary casino entity is the acknowledged employer of the employees who physically work at a particular casino property.  However, as a matter of economic reality, from its position at the operational center of this structure, MGM Resorts has the ability to and, in fact, does operate its subsidiary casinos and instructs the entities on how and when to execute employment policies controlling the terms and conditions of employment of workers at its subsidiary casinos. The subsidiaries casino entities must and do follow MGM Resorts' operational instructions.  Due to the pervasive control MGM Resorts both possesses and exercises over the employees at each of its casinos (both directly and indirectly), MGM Resorts is a joint employer of employees at its subsidiary casino entities, including a joint employer of Plaintiff and the other similarly situated employees.

8. At all relevant times, MGM Resorts, with and through the subsidiary casino entities it controls, jointly employed Plaintiff and other similarly situated employees because:

a. MGM Resorts had the right to and did exercise control over the hiring and firing of Plaintiff and other similarly situated employees;

b. MGM Resorts had the right to and did supervise the work schedules, conditions of employment, and the manner in which Plaintiff and other similarly situated employees performed their jobs;

c. MGM Resorts had the right to and did determine the rate and method of payment for Plaintiff and other similarly situated employees; and

d. MGM Resorts was primarily responsible for and did maintain the employment records for Plaintiff and other similarly situated employees.

**Defendants Cannot Claim a Tip Credit Pursuant to the FLSA**

9. Under the FLSA, an employer may, in certain circumstances, take a "tip credit" toward its federal minimum wage obligations for tipped employees. Pursuant to the explicit language of the FLSA, a tip credit may not be taken "with respect to any tipped employee unless such employee has been informed by the employer of the provisions of [29 U.S.C. § 203(m)], and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m)(2).

10. The federal regulation interpreting Section 3(m) of the FLSA explains as follows:

> [A]n employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act, i.e.: [1] The amount of the cash wage that is to be paid to the tipped employee by the employer; [2] the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; [3] that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and [4] that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

*See* 29 C.F.R. § 531.59(b); *see also* U.S. Department of Labor, Wage and Hour Division, Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA).

11. Defendants employ Plaintiff and other similarly situated tipped employees and pay them a direct cash wage that is less than the FLSA's federal minimum wage ($7.25 per hour) but failed to notify them of the tip credit requirements of the FLSA prior to paying a sub-minimum direct cash wage. Despite this violation of the FLSA's tip credit notice provisions, Defendants have taken a tip credit toward their obligations to pay the federal minimum wage to Plaintiff and other similarly situated tipped employees. During the relevant time period, Plaintiff was paid a direct cash wage of $4.25 per hour (or less) and Defendants improperly claimed a tip credit to

bridge the gap between the direct cash wage and the required federal minimum wage.  Thus, during Plaintiff's employment at the Borgata, Defendants failed to properly compensate Plaintiff for all hours worked at a rate equal to at least the required federal minimum wage.

12.     Specifically, Plaintiff and other similarly situated employees are not informed, in advance of Defendants' use of the tip credit, of: (1) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by Defendants, which amount may not exceed the value of the tips actually received the employee; (2) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (3) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

13.     Likewise, when Defendants change the amount of the tip credit they claim against their obligation to pay Plaintiff and other similarly situated employees the FLSA's required minimum wage, Defendants do not inform Plaintiff and other similarly situated employees of the change in the amount of the tip credit claimed, as is required and must be in writing.  *See* 29 CFR § 516.28(a)(3) ("The amount per hour which the employer takes as a tip credit shall be reported to the employee in writing each time it is changed from the amount per hour taken in the preceding week.").

14.     Defendants' FLSA violations alleged herein were willful in that Defendants either knew of the specific FLSA requirements and prohibitions at issue at the time of the alleged violations and intentionally did not comply with them, or showed reckless disregard for the matter of whether their conduct violated the FLSA.

15.     As a result of Defendants' above-described FLSA violations, Plaintiff and other similarly situated employees are entitled to recover from Defendants during the applicable three-

year limitations period the amount of the sum of (1) the tip credit taken (*i.e.*, the difference between the direct cash wage and the required federal minimum wage), (2) an additional equal amount as liquidated damages, and (3) a reasonable attorneys' fee and costs of this action.

## COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings Count I, the FLSA claim arising out of Defendants' failure to comply with the tip credit notice requirement, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself individually and the following collective action class:

### FLSA Tip Credit Notice Collective

> All persons employed at a relevant MGM casino during the relevant time period and paid a direct cash wage of less than $7.25 per hour.

The relevant MGM casinos include the following: (1) the MGM Grand Detroit in Detroit, Michigan; (2) the Beau Rivage in Biloxi, Mississippi; (3) the Gold Strike Tunica in Tunica, Mississippi; (4) the Borgata in Atlantic City, New Jersey; and (5) the MGM National Harbor in Prince George's County, Maryland. At present, the relevant time period includes the three-year period prior to the filing of this Collective Action Complaint and extends forward to the present. The collective action class as defined herein remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties and/or Order of the Court.

17. Plaintiff's FLSA claim (Count I) may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b). Plaintiff, individually and on behalf of all others similarly situated, seeks relief on a collective basis challenging Defendants' above-described FLSA violations. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action and their right to participate through U.S. Mail, email, text

message, and posting.

## COUNT I

**FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS**
**(Failure to Pay Minimum Wage – Violation of FLSA's Tip Credit Notice Requirement)**

18. Plaintiff, on behalf of herself and all others similarly situated, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

19. At all relevant times, Plaintiff and all others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

20. The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. *See* 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

21. Defendants are subject to the minimum wage and overtime pay requirements of the FLSA because they are both enterprises engaged in interstate commerce and their employees are engaged in commerce. At all relevant times, each Defendants are or have been enterprises engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, have had an annual gross volume of sales made or business done of not less than $500,000.

22. At all relevant times, Defendants were "employers" of Plaintiff and all similarly situated employees within the meaning of the FLSA. *See* 29 U.S.C. § 203(d).

23. At all relevant times, Plaintiff and all similarly situated employees were Defendants' "employees" within the meaning of the FLSA. *See* 29 U.S.C. § 203(e).

24. Plaintiff and all similarly situated employees are covered, non-exempt employees within the meaning of the FLSA. Accordingly, Plaintiff and all similarly situated employees must

be paid minimum wages in accordance with 29 U.S.C. § 206.

25. Pursuant to the FLSA, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. *See* 29 U.S.C. § 207(a).

26. Although the FLSA contains some exceptions (or exemptions) from the minimum wage and overtime requirements, none apply here.

27. Plaintiff and all similarly situated employees are victims of uniform or substantially similar compensation policies and practices.

28. By paying a sub-minimum direct cash wage and claiming a tip credit without providing Plaintiff and other similarly situated employees the notice required by 29 U.S.C. § 203(m) and its interpreting regulation 29 C.F.R. § 531.39(b), Defendants have violated the FLSA's minimum wage provisions.

29. Plaintiff and all other similarly situated employees are at this time entitled to damages equal to the mandated minimum wage for the three (3) year period preceding the filing of the this Collective Action Complaint to the present date, because, as described above, Defendants acted willfully and knew, or showed reckless disregard of, whether their conduct was prohibited by the FLSA. Under principles of equitable tolling or as otherwise warranted under applicable law, the effective date of consents to join this action by similarly situated employees should be deemed retroactive to the date of Plaintiff's filing of this Collective Action Complaint or such other date as may be determined by the Court.

30. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified

at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants acted in good faith or with reasonable grounds in failing to pay minimum wage, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

31. As a result of these violations of the FLSA's minimum wage provisions, compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, pursuant to 29 U.S.C. § 216(b), Defendants are liable for the unpaid minimum wages along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

**WHEREFORE**, Plaintiff requests the Court enter judgment for Plaintiff individually and on behalf of all similarly situated employees awarding the following relief:

a. damages for unpaid minimum wages and overtime under 29 U.S.C. § 216(b);

b. reasonable attorneys' fees under the FLSA;

c. liquidated damages and/or pre-judgment interest;

d. costs of suit under 29 U.S.C. § 216(b); and

e. any further relief that the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all the issues so triable.

## CERTIFICATION

It is hereby certified pursuant to L.Civ.R. 11.2, that to the best of Plaintiff's counsel's knowledge, the matter in controversy is not presently the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated:  May 6, 2020                              s/ R. Andrew Santillo
**WINEBRAKE & SANTILLO, LLC**
R. Andrew Santillo, Esq. (NJ ID #025512004)
Mark J. Gottesfeld, Esq. (NJ ID #027652009)
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
Telephone:    215-884-2491
Facsimile:    215-884-2492
Email:  asantillo@winebrakelaw.com
Email:  mgottesfeld@winebrakelaw.com

**STUEVE SIEGEL HANSON LLP**
George A. Hanson
*pro hac vice application forthcoming*
Todd M. McGuire
*pro hac vice application forthcoming*
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:    816-714-7100
Facsimile:    816-714-7101
Email:  hanson@stuevesiegel.com
Email:  mcguire@stuevesiegel.com

**McCLELLAND LAW FIRM, P.C.**
Ryan L. McClelland
*pro hac vice application forthcoming*
Michael J. Rahmberg
*pro hac vice application forthcoming*
The Flagship Building
200 Westwoods Drive
Liberty, Missouri 64068
Telephone:    816-781-0002
Facsimile:    816-781-1984
Email:  ryan@mcclellandlawfirm.com
Email:  mrahmberg@mcclellandlawfirm.com

**COUNSEL FOR PLAINTIFF**

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA D. MALDONADO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MGM RESORTS INTERNATIONAL, and MARINA DISTRICT DEVELOPMENT COMPANY, LLC d/b/a BORGATA HOTEL CASINO & SPA,<br><br>Defendants. | Case No. |

### CONSENT TO JOIN
### Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

**I CONSENT TO JOIN THIS LAWSUIT** as a Party Plaintiff seeking unpaid wages and/or overtime against Defendants MGM Resorts International, and Marina District Development Company, LLC d/b/a Borgata Hotel Casino & Spa, and any other associated entities ("Defendants"). If this case does not proceed collectively, I also consent to join any subsequent action against any Defendant(s) for unpaid wages and/or overtime. By joining this lawsuit, I designate the Named Plaintiff(s) as my representatives, and allow them, to the fullest extent possible, to make decisions on my behalf concerning the case, the method and manner of conducting the case, including settlement, the entering of an agreement with Plaintiffs' Counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to the this lawsuit to the fullest extent permitted by law. I understand that I will be bound by any ruling, settlement, or judgment whether favorable or unfavorable. For purposes of this lawsuit, I choose to be represented by Stueve Siegel Hanson LLP and McClelland Law Firm, P.C., and any other attorneys with whom they may associate.

04/29/2020

Date

*maria d maldonado*

Signature

Maria D. Maldonado

Full Legal Name (print)