UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA D. MALDONADO and LAURA A. Day, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>MARINA DISTRICT DEVELOPMENT COMPANY, LLC d/b/a Borgata Hotel Casino & Spa *et al.*,<br><br>Defendants. | Civil Action<br>No. 20-05599 (CPO)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

**THIS MATTER** comes before the Court on a joint Motion to Direct Class Notice and Grant Preliminary Approval of a Settlement of a Class Action Settlement, (ECF No. 54), by Plaintiff Maria D. Maldonado ("Named Plaintiff"), on behalf of herself and all others similarly situated, and Defendants MGM Resorts International, Marina District Development Company, LLC d/b/a Borgata Hotel Casino & Spa (collectively "Defendants"). The Court did not hear oral argument pursuant to Local Civil Rule 78.1; and

**WHEREAS**, the Court has considered the Class Action Settlement Agreement ("Settlement Agreement"), (ECF No. 54 exh. 1), associated exhibits, and the submissions of counsel; and

**WHEREAS**, the Court finds on a preliminary basis that the settlement memorialized in the Settlement Agreement, and filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval as required by Federal Rule of Civil

1

Procedure 23(e); and

**WHEREAS**, Federal Rule of Civil Procedure 23(e)(1)(B) requires courts to "direct notice in a reasonable manner to all class members who would be bound by the proposal"; and

**WHEREAS**, the Court finds the proposed Notice of Settlement set forth in the Settlement Agreement to be accurate, objective, informative, and sufficient to provide members of the Settlement Classes with all of the information necessary to make an informed decision regarding their participation in the settlement and its fairness; and

**WHEREAS**, the Court finds the proposed Notice of Settlement to be the best practicable means of providing notice under the circumstances, *see* F.R.C.P. 23(c)(2)(B), and, when completed, shall constitute due and sufficient notice of the proposed class settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Federal Civil Procedure 23, due process, the Constitution of the United States, the laws of the State of New Jersey, and all other applicable laws;

**IT IS** on this 8th day of April, 2022;

**ORDERED** that consistent with the Settlement Agreement at ¶ 49, the Court grants Plaintiff leave to file the Second Amended Class and Collective Action Complaint, (ECF No. 54 exh. D), and directs the Clerk of Court to file the Second Amended Class and Collective Action Complaint. Pursuant to the Settlement Agreement, Defendants need not file an Answer to the Second Amended Class and Collective Action Complaint; and it is further

**ORDERED** that the Motion to Direct Class Notice and Grant Preliminary Approval of a Settlement of a Class Action Settlement, (ECF No. 54), is **GRANTED**. Unless otherwise defined

herein, all terms used in this Order will have the same meaning as defined in the Settlement Agreement. The Named Plaintiffs and Defendants are to carry out the settlement according to the terms of the Settlement Agreement;[1] and it is further

**ORDERED** that, for settlement purposes only, the following Settlement Classes are certified pursuant to the Settlement Agreement and Federal Rule of Civil Procedure 23:

a. **Borgata Class:** All tipped employees working as a Dealer at Borgata earning a direct cash wage of $7.24 or less per hour between March 1, 2018, and December 31, 2019.

b. **MGM National Harbor Class:** All tipped employees working as a Dealer at MGM National Harbor earning a direct cash wage of $11.49 or less per hour between January 15, 2018, and December 31, 2019.

And it is further

**ORDERED** that Named Plaintiffs Maria D. Maldonado and Laura A. Day are appointed as the Class Representatives of the Settlement Class for settlement purposes only; and it is further

**ORDERED** that the law firms of Stueve Siegel Hanson LLP, McClelland Law Firm, P.C., and Winebrake & Santillo, LLC, are appointed as Class Counsel for the limited purposes of Settlement, and the releases and other obligations therein; and it is further

**ORDERED** that the parties are authorized to select a qualified third-party settlement administrator to perform duties of the Settlement Administrator in accordance with the terms of the Settlement Agreement, and this Settlement Administrator is authorized to mail the Notice of

---

[1] Since the Court has granted Plaintiff leave to file her Second Amended Complaint adding Named Plaintiff Laura A. Day, and Defendant MGM National Harbor, LLC, the Court has considered both as parties for the purpose of this Order.

3

Settlement to the Class Employees as provided in the Settlement Agreement; and it is further

**ORDERED** that Class Employees who wish to opt out of the Settlement must submit their written request to opt out no later than (a) forty-five days from the date the Settlement Administrator first mails the Notice of Settlement to Class Employees, or (b) thirty days from the date the Settlement Administrator mails the Notice of Settlement to a Class Employee's additional address, whichever date is later, provided that under no circumstances will any Class Employee be permitted to opt out more than seventy-five days from date the Settlement Administrator first mails the Notice of Settlement to Class Employees; and it is further

**ORDERED** that any written objection to the Settlement must be submitted to the Settlement Administrator no later than forty-five days after the Notices of Settlement are mailed to the Class Employees; and it is further

**ORDERED** that this matter is stayed—except as set out in this Order—pending the Court's decision on final approval of the settlement; and it is further

**ORDERED** that the Court will conduct a Final Approval Hearing on July 20th, 2022 at 2:00 pm in Camden - Courtroom 5A to determine the overall fairness of the settlement and to approve the amount of attorneys' fees and costs to Class Counsel and the Service Payments to the Named Plaintiffs. The Final Approval Hearing may be continued without further notice to Class Members. This Final Approval Hearing may be converted to a remote proceeding, in which case Class Counsel will be instructed to provide a link to the proceedings on the settlement website; and it is finally

**ORDERED** that the Named Plaintiff shall file her motion for approval of the settlement,

and Class Counsel shall file their unopposed motion for attorneys' fees, costs and expenses, and the Named Plaintiffs' Service Payments on or before July 6, 2022.

          /s *Christine P. O'Hearn*
          **Hon. Christine P. O'Hearn**
          United States District Judge