IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARIA D. MALDONADO, and LAURA A. DAY, on behalf of themselves and all others similarly situated, | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : : | Case No. 1:20-cv-05599-CPO-MJS |
| MARINA DISTRICT DEVELOPMENT COMPANY, LLC d/b/a BORGATA HOTEL CASINO & SPA, and MGM NATIONAL HARBOR, LLC | : : : : : | |
| Defendants. | : : : | |

**ORDER GRANTING
FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

On July 21, 2022, the Court heard a motion for final approval of a settlement of a class and collective action by Plaintiffs Maria D. Maldonado and Laura A. Day ("Named Plaintiffs"), on behalf of themselves and all others similarly situated, and Marina District Development Company, LLC d/b/a Borgata Hotel Casino & Spa and MGM National Harbor, LLC ("Defendants"). The Court has considered Plaintiffs' Motion for Final Approval of Class Action Settlement, Class Counsel's Motion for an Award of Attorneys' Fees and Costs to Class Counsel and Service Awards to Named Plaintiffs, and other related materials submitted by the parties, as well as the parties' presentation at the hearing on final approval, and otherwise being fully informed in the premises, hereby finds and orders as follows:

1.      Unless otherwise defined herein, all terms used in this Order (the "Final Approval

Order") will have the same meaning as defined in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of this Litigation pursuant to 28 U.S.C. §§ 1331, 1332, and 1367, including jurisdiction over all members of the Settlement Classes certified by order dated April 8, 2022 (ECF No. 57), and defined as:

   a.   **Borgata Class:** All tipped employees working as a Dealer at Borgata earning a direct cash wage of $7.24 or less per hour between March 1, 2018 and December 31, 2019.

   b.   **MGM National Harbor Class:**  All tipped employees working as a Dealer at MGM National Harbor earning a direct cash wage of $11.49 or less per hour between January 15, 2018 and December 31, 2019.

3.      The Court finds that the Settlement Classes satisfy the requirements of Fed. R. Civ. P. 23(a) and is maintainable under Rule 23(b)(3) for purposes of settlement of this Litigation only. In so finding, the Court does not determine whether the certification of the class would remain proper under the more stringent standard that requires a showing of, *inter alia*, manageability.

4.      The Court confirms the appointments of (a) Named Plaintiffs Maria D. Maldonado and Laura A. Day as Class Representatives of the Settlement Classes, and (b) the law firms of Stueve Siegel Hanson LLP, McClelland Law Firm, P.C., and Winebrake & Santillo, LLC as Class Counsel.

5.      The Notice of Settlement sent to the Class members via First Class Mail adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to obtain monetary relief, their right to request exclusion from the Class and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing. The Notice of Settlement also adequately informed the Class Members of the contact information for the Settlement Administrator and Class Counsel. Thus, the Court finds that the Notice of Settlement

provided to the Class Members satisfied the requirements of Fed. R. Civ. P. Rule 23(e)(1)(B).

6.      Pursuant to Fed. R. Civ. P. 23(e)(2), the Court finds that the settlement memorialized in the Settlement Agreement, and filed with the Court, is fair, reasonable, and adequate, and in the best interests of the Class Members. The Court finds that: (a) the strength of the Class Representative's and Class Members' claims weighed against the defenses of Defendants and the complexity, length, and expense of further litigation, support approval of the Settlement; (b) the Maximum Settlement Amount of $12,500,000 as set forth in the Settlement Agreement is a fair, reasonable, and adequate settlement of the Named Plaintiffs' individual claims and the claims of the Settlement Classes; (c) the Settlement was reached pursuant to arm's-length negotiations between the parties; (d) the support for the Settlement expressed by Class Counsel and counsel for Settling Entities, who have significant experience representing parties in complex class actions, including those involving wage and hour claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Class Members supports approval of the Settlement; and (f) the Litigation has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

7.      For the same reasons that the Court finds the Settlement Agreement is fair, reasonable, and adequate under Fed. R. Civ. P. 23(e)(2), the Court likewise finds that the resolution of the Fair Labor Standards Act claims represents a fair and reasonable resolution of a *bona fide* dispute.

8.      The Settlement Administration Costs, as set forth in the Settlement Agreement, estimated to be $21,000 are approved and shall be paid to the Settlement Administrator from the Qualified Settlement Fund according to the procedures set forth in the Settlement Agreement.

9.      The Service Payments, as set forth in the Settlement Agreement, are approved and shall be awarded and paid to Named Plaintiffs from the Qualified Settlement Fund according to the procedures set forth in the Settlement Agreement.

10.      Class Counsel is awarded one-third of the settlement fund ($4,166,250) for attorneys' fees plus $25,000 for costs and expenses and will receive such payment from the Qualified Settlement Fund according to the procedures set forth in the Settlement Agreement.

11.      Class Members shall receive their settlement shares according to the allocation formula and procedures set forth in the Settlement Agreement.  Any portion of the Net Settlement Amount that is not claimed by Class Members because those individuals did not timely negotiate their Settlement Checks will be transmitted to the State of New Jersey and/or State of Maryland's unclaimed property fund to be held by the State of New Jersey and/or the State of Maryland for the benefit of the Class Member.

12.      The Court orders that any Class Member who did not timely request exclusion from the Settlement Agreement is bound by the terms of the Settlement Agreement, and fully releases and discharges the Released State Claims.

13.      The Court orders that any Class Member who negotiates his or her Settlement Check is bound by the terms of the Settlement Agreement and fully releases and discharges the Released Federal Claims upon such negotiation of his or her Settlement Check.  The Court further orders that any Class Employee who claims his or her Settlement Check from the State of New Jersey or State of Maryland's unclaimed property fund fully releases and discharges the Released Federal Claims.

14.      As identified by the Settlement Administrator, the Court finds that no individuals have timely requested exclusion from the Settlement Class.

15.     The Court finds that the notices to government officials of this settlement have been transmitted as required under the Class Action Fairness Act.

16.     This Court grants final approval of the Settlement.

17.     The Court enjoins the Named Plaintiffs and Class Members, and any person or agency or entity acting on behalf of or in concert with them, shall be enjoined from filing, initiating or continuing to prosecute any actions, claims, complaints, or proceedings in court, arbitration, or with any other entity, agency or body, with respect to the Released State Claims and Released Federal Claims (collectively, the "Released Claims").

18.     This matter is dismissed with prejudice, without any cost to any of the parties except as provided in the Settlement Agreement. The Clerk is directed to enter judgment consistent with this Order.

        IT IS SO ORDERED.


Dated: <u>July 21</u>, 2022                                    _Christine P. O'Hearn_
                                                           **The Honorable Christine P. O'Hearn**
                                                           **U.S. District Judge**